<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHONDA BROWN-STEWART,<br><br>        Plaintiff,<br><br>v.<br><br>HACKENSACK MEDICAL UNIVERSITY CENTER *and* HACKENSACK MERIDIAN HEALTH INC.,<br><br>        Defendants. | Civil Action No. 21-10570 (SDW) (JSA)<br><br>**WHEREAS OPINION**<br><br>January 6, 2022 |

**WIGENTON**, District Judge.

    **THIS MATTER** having come before this Court upon Defendant Hackensack University Medical Center's ("Defendant")[1] Motion to Vacate the Default Judgment entered against Defendant and in favor of *pro se* Plaintiff Shonda Brown-Stewart ("Plaintiff"), pursuant to Federal Rule of Civil Procedure ("Rule") 60(b), and this Court having reviewed the parties' submissions, (D.E. 10, 11, 12); and

    **WHEREAS** Defendant employed Plaintiff from December 2020 to February 2021. (*See* D.E. 1-1 at 2.)[2] Plaintiff filed this lawsuit on April 27, 2021, alleging wrongful termination and discrimination. (D.E. 1.) Plaintiff requested an entry of default against Defendant on June 29, 2021, (D.E. 4), and the Clerk of the Court entered default on July 1, 2021. Plaintiff moved for

---

[1] Plaintiff's Complaint and other documents improperly plead Defendant as "Hackensack Medical University Center," "Hackensack Meridian Health Inc.," and "Hackensack Medical University Center a/k/a Hackensack Meridian Health Inc." (*See* D.E. 1, 8-1; *see also* D.E. 10 at 1.)

[2] Citations to Plaintiff's documents use ECF page numbers, as Plaintiff's filings generally omit page numbers.

default judgment on July 15, 2021, and this Court granted the motion on August 16, 2021. (D.E. 6, 7.) This Court entered final judgment on September 21, 2021, in the amount of $244,369.00 plus post-judgment interest and costs. (D.E. 9.)[3] Defendant filed the instant motion to vacate the judgment one month later. (D.E. 10); and

**WHEREAS** Rule 60(b) provides that, on a motion to vacate, a court may relieve a party from a final judgment for reasons including: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). For a motion based on Rule 60(b)(1), the court must consider: "'(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). The court may also consider a fourth factor, "'the effectiveness of alternative sanctions.'" *Id.* at 257 (quoting *Emcasco Insurance Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987)). Under Rule 60(b)(4), a court must vacate a default judgment that is void regardless of the passage of time. *See United States v. One Toshiba Color Television*, 213 F.3d 147, 157–58 (3d Cir. 2000). Rule 60(b)(6) is a catch-all provision that exists "so that courts may 'vacate judgments whenever such action is appropriate to accomplish justice,' . . . in situations that are not addressed by the other five clauses of Rule 60(b)." *Budget Blinds*, 536 F.3d at 254 (quoting *Klapprott v. United States*, 335 U.S. 601, 614 (1949)); and

**WHEREAS** Plaintiff concedes that she did not serve Defendant with a copy of her Complaint as required by Rule 4(c)(1), and only served a summons and docket sheet. (*See* D.E. 11 at 1–2; *see also* D.E. 10-3 (Certification of Patricia Santaniello ("Santaniello Cert.")) at Ex. A

---

[3] An attorney represented Plaintiff in this matter for the purpose of formalizing this Court's August 16, 2021, order as a final judgment. (*See* D.E. 8.)

(copy of documents that were served).)   Because service of process was not properly made, this Court lacked personal jurisdiction over Defendant when it entered the default judgment.  *See Lampe v. Xouth, Inc.*, 952 F.2d 697, 700–01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant.").  The judgment is therefore void and must be vacated pursuant to Rule 60(b)(4).  *See Budget Blinds*, 536 F.3d at 258 ("A judgment is void within the meaning of Rule 60(b)(4) if the court that rendered it lacked personal jurisdiction over the defendant."); *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside."); and

**WHEREAS** Defendant has also made a showing that its motion should be granted under Rule 60(b)(1).  First, Plaintiff has not demonstrated that she would be prejudiced if the default judgment is vacated, aside from the delay and costs she has incurred thus far, which are not sufficient to prevent this Court from deciding this case on the merits.  *See Howard Johnson Int'l, Inc. v. IMH, LLC*, Civ. No. 14-5805, 2017 WL 555988, at *3 (D.N.J. Feb. 10, 2017).  Second, Defendant's Proposed Answer raises multiple defenses that are meritorious, including that its decisions and actions regarding Plaintiff's employment were for reasons that were legitimate, non-discriminatory, and non-retaliatory.  (*See* D.E. 10-2 (Certification of Wendy Lario, Esq.) at Ex. 1 (Defendant's Proposed Answer); *see also* D.E. 10-1 at 11–12.)  Plaintiff factually disputes these defenses in her opposition brief, (*see* D.E. 11 at 4–5), but the proper avenue for such disputes is the normal course of litigation.  Defendant has met its burden here to show that its defenses are "litigable."  *Howard Johnson Int'l*, 2017 WL 555988, at *3 (emphasis and quotation omitted).  Third, Defendant provides a detailed explanation as to why it did not timely obtain the Complaint in this matter despite being served with a summons and docket sheet.  (*See* D.E. 10-1 at 4–6;

Santaniello Cert. ¶¶ 3–6; D.E. 10-4 (Certification of Sharon Rakas ("Rakas Cert.") ¶¶ 4–14.)[4] Such delay was plainly neglectful, considering that Defendant is a sophisticated institution with its own legal department. (*See* D.E. 10-1 at 5–6.) Nonetheless, this Court does not have a basis to find Defendant's delay to be culpable or made in bad faith, as it was Plaintiff's burden to serve the Complaint;[5] therefore,

Defendant's Motion to Vacate Default Judgment will be **GRANTED**. Defendant shall have fifteen (15) days to respond to Plaintiff's Complaint. An appropriate order follows.

s/ *Susan D. Wigenton*<br>
**SUSAN D. WIGENTON**<br>
**UNITED STATES DISTRICT JUDGE**

Orig:   Clerk
cc:     Hon. Jessica S. Allen, U.S.M.J.
        Parties

---

[4] Defendant received the summons on May 28, 2021, but only accessed this case on PACER on October 7, 2021. (Santaniello Cert. ¶ 3; Rakas Cert. ¶ 14.) It attributes the months-long delay to (1) being unable to reach anyone in the Bergen County Sheriff's Office, which served the summons, (2) its legal department's busy caseload, (3) a new email system, (4) its Legal Analyst & Paralegal being on vacation, and (5) an inability to access PACER. (*See* D.E. 10-1 at 4–6; Santaniello Cert. ¶¶ 3–6; Rakas Cert. ¶¶ 4–14.) Defendant also contends that it was not served with a notice of the entry of default, the default judgment, or any other documents or correspondence in this matter aside from the initial summons and docket sheet. (*See* D.E. 10-1 at 6–7; Santaniello Cert. ¶ 9.)

[5] This Court is sympathetic to Plaintiff's assertion that she relied on incorrect instructions from the Clerk's Office with regard to service. (*See* D.E. 11 at 1–2.) However, this Court cannot excuse Plaintiff from abiding by procedural rules because of her *pro se* status. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). That is especially true in this situation, where the default judgment is void for lack of personal jurisdiction and vacating it will not prejudice Plaintiff.